67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ivan GONZALEZ-BUSTAMANTE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70070.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 29, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ivan Gonzalez-Bustamante, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the decision of the immigration judge (IJ), denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 We review the BIA's denial of asylum for abuse of discretion. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). We review the BIA's denial of withholding of deportation and factual determinations for substantial evidence. Id.
 
 
 4
 To establish eligibility for asylum based on a well-founded fear of persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the applicant to meet this standard. Id. "The objective component requires a showing by 'credible, direct, and specific evidence' of facts showing a reasonable fear of persecution" on account of one of the enumerated grounds. Id. (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam)).
 
 
 5
 Gonzalez testified that as a student in 1978 he participated in protests against the Somoza regime and was arrested. Soon after he was released from custody, Gonzalez left Nicaragua and went to Panama to study engineering. Gonzalez testified that he returned to Nicaragua in April, 1981 for one month. He said that during his stay he was accused by his former friends who held positions in the Sandinista military and government of being a traitor to the revolution. Gonzalez described an incident in which he was surrounded by people who shouted "let the traitors die," he became afraid for his safety, and ran away. Gonzalez testified that he was not able to attend the University in Nicaragua because admission was restricted to those who had participated in the Sandinista front and therefore he returned to Panama where he lived until he entered the United State in 1988.
 
 
 6
 The BIA's finding that Gonzalez lacked a well-founded fear of future persecution is supported by substantial evidence, including the fact that it has been over thirteen years since Gonzalez was derided and threatened by his former friends for having abandoned the revolution, and in 1990 a new coalition government composed of parties opposed to the Sandinistas succeeded the Sandinistas party.[1]
 
 
 7
 Gonzalez argues that the BIA abused its discretion by ignoring the evidence he submitted showing that the civil strife in Nicaragua continues and that the Sandinistas remain in control of the military and security forces. Gonzalez is mistaken. The BIA considered the evidence, but found that it failed to support his fear that the Sandinistas have harmed or attempted to harm individuals returning to Nicaragua because of their general opposition to the Sandinistas. We cannot say that the evidence would compel a reasonable factfinder to conclude otherwise. See Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992).
 
 
 8
 Gonzalez argues that even if there is no risk of future persecution, the BIA erred by denying him asylum on the basis of past persecution. While past persecution alone can be sufficient, it is limited to situations in which the applicant has suffered "under atrocious forms of persecution." Acewicz, 984 F.2d at 1062 (citing Matter of Chen, Int.Dec. 3104 at 4 (BIA1989)); Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988). The BIA did not err by finding that the verbal threats and harassment suffered by Gonzalez in 1981 were not forms of "atrocious" past persecution warranting discretionary grant of asylum. See Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir.1995).
 
 
 9
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Gonzalez has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gonzalez argues that the IJ improperly took administrative notice of the changed political circumstances in Nicaragua. This argument has no merit because it was Gonzalez who first raised the issue, and he had the opportunity to submit evidence in support of his claim that the risk of persecution continues despite the Sandinista electoral defeat in 1990. Acewicz, 984 F.2d at 1060-61